18233

TEXTRON, INC., Appellant, v. Otis W. LIVINGSTON, James A. Calhoun, Jr., Harold Murph, James H. Sullivan, Robert C. Wasson, as Members composing the South Carolina Tax Commission, Respondents.

(137 S. E. (2d) 267)

*Messrs. Haynsworth, Perry, Bryant, Marion & John-stone,* of Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Respondents,*

June 29, 1964.

Moss, Justice.

Textron, Inc., the appellant herein, brought this action against the members of the South Carolina Tax Commission, the respondents herein, under Section 65-2661 *et seq.,* Code of 1952, to recover the sum of $3,077.81, being the value of South Carolina documentary stamps required· by the Tax Commission to be affixed to a deed, dated July 31, 1959, from Daniel Construction Co., Inc. to the Relief and Annuity Board of the Southern Baptist Convention. The appellant purchased the required documentary stamps for the aforesaid deed under protest.

The facts essential and material to an understanding of the legal issue here involved are not in dispute and may be stated as follows:

1. On January 5, 1959, a written agreement was entered into between Daniel Construction Co., Inc., of Greenville, South Carolina, hereinafter referred to as "Daniel", and Textron, Inc., of Providence, Rhode Island, hereinafter referred to as "Textron", providing as follows:

(a) That Textron was desirous of procuring a tract of land and to erect thereon a building for its operations in South Carolina; and

(b) That Daniel was desirous of constructing the plant for Textron; and

(c) That Daniel has agreed to take title to the property in its name only for the purpose of constructing a plant thereon, and that upon fulfillment of the conditions set up in the agreement, will transfer all right, title and interest to the property and all appurtenances to Textron, or any other firm, person, corporation or trust designated by said Textron for a sum not to exceed $1,500,000.00, which shall include the sum of $25,170.00, the price paid B. F. Few for the land.

2. B. F. Few, by deed dated January 14, 1959, and recorded in the R. M. C. Office for Greenville County, South Carolina, in Deed Book 614, at page 400, for a stated consideration of $25,170.00, conveyed to Daniel a tract of land containing 50.34 acres, near Greer, South Carolina. This deed conveyed a fee simple title to the land to Daniel and affixed thereto were the proper South Carolina documentary stamps.

3. Daniel built a manufacturing plant on the 50.34 acre tract, title to which said land was in Daniel.

4. Daniel, by deed dated July 31, 1959, and which was subsequently recorded in the R. M. C. Office for Greenville County, South Carolina, on July 31, 1959, in Deed Book 631, at page 18, for a stated consideration of $1,586,199.25,

pursuant to the provisions of the aforesaid trust agreement, conveyed to the Relief and Annuity Board of the Southern Baptist Convention, in fee simple, a tract of land containing 50.23 acres, being the greater portion of the property conveyed to Daniel by Few hereinbefore referred to, and also the improvements Daniel had erected thereon. This deed contained the following preamble:

"WHEREAS, the Grantor herein accepted title to the within described premises as trustee under a trust agreement dated January 5, 1959, for the purpose of erecting a building for Textron, Inc.; and,

"WHEREAS, under said trust agreement the *consideration* was to be paid for by Textron, Inc. or its nominee and there was to be conveyed to Textron, Inc., or its nominee; and,

"WHEREAS, Textron, Inc. has designated the Grantee herein as its nominee under said trust agreement."

5. The aforesaid deed from Daniel to the Relief and Annuity Board of the Southern Baptist Convention was presented to the Register of Mesne Conveyances for Greenville County for recording and such was refused for the reason that no South Carolina documentary stamps were affixed to the deed. Pursuant to a ruling of the Tax Commission, Textron purchased under protest the necessary stamps for the said deed and it was then recorded. The present action was instituted to recover the amount expended by the appellant for such documentary stamps.

The case came on to be heard by the Honorable James H. Price, Judge of the Greenville County Court and, on July 24, 1962, he issued his order dismissing the complaint and ordering that under Section 65-689 of the Code, South Carolina documentary stamps were required to be affixed to said deed. Timely notice of intention to appeal to this Court was given.

The sole issue involved in this appeal is whether under Section 65-689 of the Code the conveyance in question re-

quired the affixation thereto of South Carolina documentary stamps.

Section 65-689 of the Code provides:

"A deed, instrument or writing whereby any lands, tenements or other realty sold shall be granted, assigned, transferred or otherwise conveyed to, or vested in, the purchaser or any other person by his direction when the consideration or value of the interest or property conveyed exclusive of the value of any lien or encumbrance remaining thereon at the time of sale exceeds one hundred dollars and does not exceed five hundred dollars shall be taxed one dollar and for each additional five hundred dollars, or fractional part thereof, one dollar."

There are no decisions of this Court construing the aforesaid section of the Code. However, there are some decisions of this Court dealing with the South Carolina Documentary Stamp Tax Act in its application to promissory notes. These decisions establish the nature of the documentary stamp taxes and deal with the fundamentals of this particular kind of tax.

In the case of *Graniteville Manufacturing Co. v. Query,* D. C., 44 F. (2d) 64, affirmed in 283 U. S. 376, 51 S. Ct. 515, 75 L. Ed. 1126, it was held that South Carolina could validly impose a stamp tax upon promissory notes executed within the state though payable to banks at their places of business outside the state. In the opinion of the United States Supreme Court, the stamp tax in question was characterized as "an excise tax, of a familiar sort, levied with respect to the creation of instruments within the state" and said "it is simply a tax levied in relation to an act done within the state in making an instrument." The foregoing language was cited with approval in the case of *South Carolina Electric & Gas Co. v. Pinckney,* 217 S. C. 407, 60 S. E. (2d) 851. The cited cases had to do with notes in one instance and bonds in the other.

By Section 65-681 of the Code, a tax is levied upon the making, execution or creation of the written instruments

therein enumerated, and referred to in Sections 65-682 to 65-684 and Sections 65-688 to 65-690, and such tax is imposed by way of affixing documentary stamps to such instruments. Specifically, Section 65-689 of the Code makes provision with respect to deeds.

The deed from Daniel to the Relief and Annuity Board of the Southern Baptist Convention acknowledged payment of the sum of $1,586,199.25, and in consideration of such payment Daniel "granted, bargained, sold and released" the premises in question, with the building thereon which was a part of the realty, to the grantee named in said deed. The agreement between Daniel and Textron was that upon the completion of a building upon the aforesaid land, that a deed would be made by Daniel either to Textron, or its nominee, for a consideration not to exceed $1,500,000.00, which would include the sum of $25,170.00, the price originally paid for the said land. Thus, it was necessary, in accordance with the agreement, for Daniel to either make a deed to Textron or to the "other person", as its nominee and by its direction. It follows, of course, that the deed would not have to be made in the absence of the payment of the agreed purchase price.

The trial Judge found that the Relief and Annuity Board of the Southern Baptist Convention, while being the nominee of the appellant, had no corporate connection with Textron either as an affiliate or a subsidiary. He further found that the acquisition by the Relief and Annuity Board of the Southern Baptist Convention of the property in question was for the purpose of leasing the property to Textron since it preferred to rent rather than to own manufacturing plants. It follows that in order to accomplish this purpose it was necessary for Daniel to make a deed, thereby conveying to said Board the land with the building thereon for the consideration agreed upon. We point out that the consideration named in the deed was $1,561,029.25 more than that named in the deed by which Daniel originally acquired title to the land in question. We also point out that

the total consideration was $61,029.25 more than that stated in the original agreement between Textron and Daniel.

Section 65-689 of the Code imposes documentary stamps upon every deed whereby any lands, tenements or other realty sold shall be granted, assigned, transferred or otherwise conveyed to, or vested in, the purchaser or any other person by his direction. There is nothing in such statute which would operate to exempt the deed in question from the requirement that documentary stamps be placed thereon. The only exemption from the placing of documentary stamps upon deeds to real estate is that contained in Section 25-58 of the Code which exempts deeds conveying property to a "state authority."

Liability to pay stamp tax, and the amount thereof, is as a general rule determinable from the form and face of the instrument in question. *Willcuts v. Investor's Syndicate,* 8 Cir., 57 F. (2d) 811; *United States v. Isham,* 17 Wall. 496, 21 L. Ed. 728. In the last cited case it is said:

"It is not permissible to the courts, nor is it required of individuals who use the instrument in their business, to inquire beyond the face of the paper. Whatever upon its face it purports to be, that it is for the purpose of ascertaining the stamp duty. The paper has the distinctive form of a promissory note. It falls under that specific description, and is to be taxed according to that description, not varied by proof, and not ranked under any general terms contained in the statute."

The language of Section 65-689 of the Code should be given its natural and most obvious import without resort to subtle and forced construction for the purpose of limiting its operation.

We conclude that the transfer of real estate by deed to the nominee of another by one who had taken title subject to a trust for such other or his nominee is a taxable transfer within the meaning of Section

65-689 of the Code. The trial Judge was correct in so holding.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.