21730

BEATY TRUST COMPANY, INC. and W. Moubray Beaty, Trustee, Respondents, v. SOUTH CAROLINA TAX COMMISSION and York County, S. C., Appellants.

(292 S. E. (2d) 788)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Ray N. Stevens,* Columbia, and *Melvin B. McKeown, Jr.* of *Spratt, McKeown & Spratt,* York, *for appellants.*

*C. W. F. Spencer, Jr.* of *Spencer & Spencer,* Rock Hill, *for respondents.*

June 14, 1982.

HARWELL, Justice:

Respondents commenced this action to recover documentary stamp taxes they had paid under protest to appellants. The trial court, sitting without a jury, granted respondents recovery of the taxes with interest. Appellants assert that under S. C. Code Ann. § 12-21-380 (1976) and § 12-25-10 (1976), the taxes were assessed and collected properly. We agree and reverse.

Appellant S. C. Tax Commission assessed taxes of $4,055, and appellant County of York assessed taxes of $2,230.25, on a conveyance by respondent W. Moubray Beaty, Trustee, to respondent Beaty Trust Company, Inc., of real estate held in trust. The trustee held property under a trust deed and will created by Anna C. Beaty for the benefit of her six children. According to the provisions of the trust deed and will, the trust was to terminate in 1975 with a distribution of the trust property and estate to the beneficiaries.

Instead of receiving the property, however, the beneficiaries elected to have the property held in a corporation. They then incorporated respondent corporation with each of them taking shares of stock proportionate to their respective interests in the trust. The beneficiaries executed an assignment which directed the trustee to execute and deliver a deed to the corporation in payment for their subscriptions to capital stock.

Pursuant to §§ 12-21-380 and 12-25-10, appellants imposed documentary stamp taxes upon the conveyance from the trustee to the corporation. Respondents contended the conveyance was not a "sale of realty" because neither the beneficiaries nor the corporation paid any consideration to the trustee. Nevertheless, appellants assessed taxes and required that documentary stamps be affixed to the deed as a condition to its recordation. Respondents paid the documentary stamp taxes under protest, and this action followed.

S. C. Code Ann. § 12-21-380 (1976) states in pertinent part:

> A deed, instrument or writing whereby any lands, tenements or other realty sold shall be granted, assigned, transferred or otherwise conveyed to, or vested in, the

purchaser or any other person by his direction when the consideration or value of the interest or property conveyed exclusive of the value of any lien or encumbrance remaining thereon at the time of sale exceeds one hundred dollars and does not exceed five hundred dollars shall be taxed one dollar * * *

Because S. C. Code Ann. § 12-25-10 (1976) uses substantially the same language, arguments in support of § 12-21-380 also apply to it.

In *Textron, Inc. v. Livingston*, 244 S. C. 380, 137 S. E. (2d) 267 (1964), we held that the transfer of real estate by deed to the nominee of another by one who had taken title subject to a trust for such other or his nominee was a taxable transfer within the meaning of the documentary tax statute. Textron had contracted with Daniel Construction Company, Inc., to have Daniel purchase a piece of property and construct a plant thereon. Pursuant to the trust agreement, Daniel conveyed the property to Textron's designated nominee, the Relief and Annuity Board of the Southern Baptist Convention which in turn leased the property to Textron. Noting that according to the agreement it was necessary for Daniel to either make a deed to Textron or to its nominee by its direction, the court held that Daniel's conveyance to the Relief and Annuity Board of the Southern Baptist Convention was a taxable transfer.

*Textron* is similar to the facts here. The beneficiaries directed the trustee to transfer the property to their designated nominee, the corporation. The beneficiaries established the corporation specifically to receive and take title to the trust property. Each beneficiary received stock of the corporation equal to his respective share of the trust property.

In determining the tax consequences of a transaction under review, we are governed by its substance, not its form. *Beard v. South Carolina Tax Commission,* 230 S. C. 357, 95 S. E. (2d) 628 (1956); *Commissioner of Internal Revenue v. Court Holding Company,* 324 U. S. 331, 65 S. Ct. 707, 89 L. Ed. 981 (1945). The trustee had a mandatory duty upon termination of the trust to distribute the assets to the beneficiaries or to their nominee. *Page v. Page,* 243 S. C. 312, 133 S. E. (2d) 829 (1963). His liability would have been abso-

lute for any loss occasioned by his failure to deliver the trust assets to the beneficiaries or their nominee. *Alderman v. Cooper*, 257 S. C. 304, 185 S. E. (2d) 809 (1971). The beneficiaries controlled the conveyance to respondent corporation. Therefore, the substance of the transaction was the same as if the beneficiaries received the property from the trustee and then conveyed it to the corporation in exchange for capital stock.

We conclude that the transfer of property to the corporation was a taxable transfer within the meaning of both S. C. Code Ann. §§ 12-21-380 and 12-25-10 (1976).

Reversed.

LEWIS, C. J., and LITTLEJOHN and NESS, JJ., concur.

GREGORY, J., dissents.

GREGORY, Justice (dissenting):

I would affirm the order of thè trial judge; therefore, I respectfully dissent.

Reliance by the majority on the case of *Textron, Inc. v. Livingston*, 244 S. C. 380, 137 S. E. (2d) 267 (1964) is, in my view, misplaced. Upon examination, it is clearly distinguishable. In that case, Textron, Inc. contracted with Daniel Construction Co., Inc. to build a plant in South Carolina. Daniel Construction Company, Inc. purchased the plant site and constructed the building. After completion, instead of taking title as owner, Textron had Daniel convey title to the Annuity Board of the Southern Baptist Convention, which in turn leased the site to Textron for plant operations. The deed from Daniel to the church group showed a stated consideration of One Million, Five Hundred Eighty Six Thousand, One Hundred Ninety-Nine and 25/100 ($1,586,199.25) Dollars. Under a trust agreement between Textron and Daniel, the consideration for this deed was to be paid by Textron, or its nominee, and conveyance was to be made to Textron or its nominee.

The facts in the instant case are quite different. Anna C. Beaty, a substantial landowner in York County, S. C., established an intervivos trust and thereafter a testamentary trust, both basically for the benefit of her six children. The intervivos trust was to terminate after twenty-five years, in or about 1975. The testamentary trust was to terminate at the

same time. The Trust Deed and Will are duly recorded in York County, S. C. Termination was to be accompanied by distribution of all assets of both trusts to the beneficiaries, without payment of any consideration. The trust beneficiaries elected to designate Beaty Trust Company, Inc., a newly formed family owned corporation, as their nominee to take title to the trust properties in their place and stead. To evidence their ownership of a share in the corporation, the latter issued to the beneficiaries equivalent shares of corporate stock.

In *Textron*, Daniel bought a lot, erected a building thereon and then sold the lot and building to Textron or its nominee for a stated consideration in the deed of One Million, Five Hundred Eighty-Six Thousand, One Hundred Ninety-Nine and 25/100 ($1,586,199.25) Dollars.

The deed in the instant case showed a stated consideration of "the distribution requirements of the trusts aforesaid and the further sum of One Dollar ($1.00) and partition, division and distribution of properties pursuant to trust requirements."

I would hold this transfer of the property to the nominee family corporation was not a taxable transfer within the meaning of S. C. Code Ann. §§ 12-21-380 and 12-25-10 (1976), and would affirm.