## 17238

EDWARD B. BEARD and META A. BEARD, Respondents, v.
SOUTH CAROLINA TAX COMMISSION, Appellant

(95 S. E. (2d) 628)

358

*Messrs. T. C. Callison, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Appellant,*

*Messrs. Savage, Royall & Kennedy,* of Camden, *for Respondents,*

December 17, 1956.

LEGGE, Justice.

The issue here is whether or not the shares of stock of Camden Equipment Company, Inc., received by the respondent Edward B. Beard pursuant to a certain plan for the merger, reorganization and consolidation of three South Carolina corporations owned by the respondent Edward B. Beard and other members of the family of H. E. Beard constituted taxable income of said respondents, who are husband and wife. Appellant having taken the position that the said shares so received were in fact a taxable distribution of surplus, and having therefore assessed against the respondents additional income taxes for the year ending December 1, 1953, in the amount of $448.07, together with $38.09 interest, respondents paid said amount under protest and brought this action to recover it, pursuant to Section 65-2662 of the 1952 Code, contending that said stock had been issued to and received by them as an integral part of a non-taxable merger, reorganization and consolidation within the meaning of Section 65-275.

The case was argued before the Honorable G. Badger Baker, presiding in the Fifth Judicial Circuit, upon an agreed statement of facts and of the positions of the parties respectively; and by his decree of January 23, 1956, he sustained respondents' contention and ordered appellant to refund the amount paid as aforesaid, with interest. Appeal is from that decree.

Prior to September 18, 1953, certain members of the family of H. E. Beard owned, in various combinations, all of the capital stock of three South Carolina corporations engaged in related fields of business in Kershaw County, South Carolina. Specifically, these corporations and the ownership of the stock thereof were as follows:

Beard's Oil Company:

| | |
|---|---|
| H. E. Beard, Sr. | 50% |
| Mary B. Beard | 50% |

Beard Appliance Company:

    H. E. Beard, Sr. .........................50%
    H. E. Beard, Jr. .........................50%

Camden Petroleum Company:

    H. E. Beard, Sr. ......................... 2%
    E. B. Beard .............................98%

Under date August 19, 1953, these three corporations and the incorporators of a proposed corporation to be known as Camden Equipment Company, Inc., entered into the following written agreement:

"Agreement for Corporate Merger,
Consolidation and Reorganization

"This Agreement made and entered into this 19th day of August, 1953, by, between and among Beard's Oil Company, Camden Petroleum Company and Beard Appliance Company, corporations existing under and by virtue of the laws of the State of South Carolina, each with its principal place of business in the City of Camden, County of Kershaw, State of South Carolina, and the incorporators of a proposed corporation to be known as Camden Equipment Company, Inc.

"Whereas, the respective directors of the aforesaid Beard's Oil Company, Camden Petroleum Company and Beard Appliance Company have deemed it advisable to consolidate the business activities of said corporations to promote more efficient, economical, and profitable conduct of said businesses through reduction of overhead, wider business contacts, and other means;

"Whereas, to effect such purposes the said directors deem it advisable to merge, consolidate and reorganize the said corporations; and

"Whereas, the incorporators of Camden Equipment Company, Inc., desire to become parties to this agreement to effect the aforesaid purposes and accomplish the desired consolidation, and reorganization of said corporations;

"Now,· Therefore, in consideration of the mutual promises, covenants and agreements, and subject to the conditions and limitations hereinafter set forth, the parties hereto do agree as follows:

"1. That the directors of the respective corporate parties to this agreement do represent and agree that the said corporations have approximate net worth and book value, subject to current audit, as follows:

"(a) Beard's Oil Company, capital $5,000.00; Surplus $30,400.00;

"(b) Beard Appliance Company, capital $15,000.00; Surplus $24,500.00;

"(c) Camden Petroleum Company, capital $5,000.00; Surplus $10,225.00.

"2. That all property, real, personal and mixed, all debts due on whatever account and all other things in action or belonging to each of the aforesaid corporations shall be vested in one merged and consolidated corporation, and all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the consolidated corporation as they were of the aforesaid several and respective former corporations; subject however to all rights of creditors and all liens upon the property of any of the aforesaid former corporations remaining unimpaired, and subject to all debts, duties and liabilities of the respective corporations.

"3. That when this agreement of merger, consolidation, and reorganization is signed, acknowledged, filed and recorded, as required by the laws of the State of South Carolina, the separate existence of the aforesaid constituent corporations shall cease and the consolidating corporations shall become a single corporation to be known as Beard Oil Company which consolidated corporation shall possess all rights, privileges, powers and franchises, and be subject to all the restrictions, disabilities and duties, of each of the aforesaid merging corporations.

"4. That the principal place of business of said consolidated corporation shall be in the City of Camden, County of Kershaw, State of South Carolina.

"5. That the amount of capital stock of said consolidated corporation shall be Twenty-five Thousand ($25,000.00) Dollars, divided into 500 shares of the par value of Fifty ($50.00) Dollars each.

"6. That, subject to the approval of the stockholders of the respective corporations, the directors of the consolidated corporation, Beard Oil Company, shall be:

"H. E. Beard; E. B. Beard; H. E. Beard, Jr. and its officers shall be:

"President: H. E. Beard; Vice-President: E. B. Beard; Sec.-Treas.: H. E. Beard, Jr.

"7. That the books of each constituent corporation shall be audited and closed as of August 31, 1953, and the capital and surplus account determined on that date; that on the basis of such determination stock in Beard Oil Company shall be allocated to the stockholders of each constituent corporation in the same ratio that the capital and surplus of each constituent corporation has to the capital and surplus of Beard Oil Company; and thereupon the stock of Beard Oil Company allocated to each constituent stockholder shall be issued to the individual stockholder in the same percentage as the individual stockholder held of the stock of the constituent corporation, to the nearest Fifty ($50.00) Dollar par value of Beard Oil Company stock; so that the interest and value of the holding of each individual stockholder shall be the same after this merger and consolidation as before.

"8. That, as an integral part of the within plan of merger, consolidation and re-organization, there shall be formed a corporation to be named Camden Equipment Company, Inc., with its principal place of business in the City of Camden, County of Kershaw, State of South Carolina, with a capital stock of Twenty-five Thousand ($25,000.00) Dol-

lars, to be divided into 500 shares of a par value of Fifty ($50.00) Dollars each.

"9. That the general nature of the business to be done by said Camden Equipment Company, Inc., is the buying, selling, leasing and otherwise dealing in personal property and real estate and to do any and all things necessary or convenient in connection therewith.

"10. That upon the perfection of the organization of the consolidated corporation and simultaneously therewith, as a 'spin-off', substantially all of the equipment, machinery, and any and all other depreciable assets of the respective former corporations shall be transferred and delivered by the consolidated corporation to the said Camden Equipment Co., Inc., at the book value disclosed by the audit of August 31, 1953; the value of such transferred assets in excess of Twenty-five Thousand ($25,000.00) Dollars being a portion of the earned surplus of the former constituent corporations and of the consolidated corporation, shall be considered and designated as earned surplus in the new corporation.

"11. That upon said transfer of assets to Camden Equipment Co., Inc., the common stock of Camden Equipment Co., Inc., shall be issued to the stockholders of Beard Oil Company on the ratio of One (1) share of Camden Equipment Co., Inc., for each share of Beard Oil Co. held by each stockholder.

"12. That this agreement shall be submitted to the stockholders of each of the constituent consolidating corporations at special meetings held after published and personal notices to the stockholders as required by law. At the said meetings this agreement shall be voted upon, each share entitled to vote entitling the holder thereof to one vote. If the majority of stockholders in each company shall approve this merger and reorganization, that fact shall be certified on the agreement by the Secretary of each corporation, and signed and acknowledged under oath by the President, Vice-President and Secretary, as required by the laws of the

State of South Carolina; whereupon this agreement so certified and acknowledged shall be filed in the office of the Secretary of State for South Carolina, and after certification by the Secretary of State shall be recorded in the office of the Clerk of Court for Kershaw County, South Carolina.

"In Witness Whereof Beard's Oil Company, Camden Petroleum Company and Beard Appliance Company have caused these presents to be executed in their names by their respective directors and their respective corporate seals to be hereto affixed on this 19th day of August, 1953.

> "Beard's Oil Company     (Seal)
> "By H. E. Beard,
>     "Mary B. Beard,
>     "Directors

> "Camden Petroleum Company     (Seal)
> "By E. B. Beard,
>     "H. E. Beard,
>     "Directors

"In the presence of:
"Henry Savage, Jr.
"Edward M. Royall

> "Beard Appliance Company     (Seal)
> "By H. E. Beard, Jr.,
>     "H. E. Beard,
>     "Directors

> "H. E. Beard, E. B. Beard, H. E. Beard, Jr.
>     "As Incorporators of Camden Equipment
>     Company, Inc."

The requisite public notice having been given and the requisite authorization from stockholders obtained, the aforesaid agreement, together with a declaration for charter of Camden Equipment Company, Inc., were filed with the Secretary of State, and on September 18, 1953, he duly chartered the two corporations known as Beard Oil Company and Camden Equipment Company, Inc.

Beard, Sr., Mary B. Beard, H. E. Beard, Jr., and E. B. The stock of Beard Oil Company was issued to H. E.

Beard in direct ratio to the composite valuation of their respective interests in the three merging corporations; and the stock of Camden Equipment Company, Inc., was issued to the same individuals in the same ratio. It is undisputed that at the time of the merger each of the merger corporations had a substantial earned surplus.

Appellant contends that the stock of Camden Equipment Company, Inc., so issued to the respondent E. B. Beard was in distribution of surplus of Beard Oil Company and consequently was taxable income of the respondent because, from the provisions of the merger agreement, it appears that:

(a) The equipment, machinery and other depreciable assets of the former corporations were transferred by the consolidated corporation, Beard Oil Company, to Camden Equipment Company, Inc., at the book value disclosed by the August 31, 1953, audit of the books of the former corporations;

(b) Such transferred assets constituted, in part, earned surplus of the former corporations and to that extent were designated on the opening books of Beard Oil Company as earned surplus of that corporation; and

(c) The said stock of Camden Equipment Company, Inc., was issued to the stockholders of Beard Oil Company in the ratio of one share for each share in Beard Oil Company.

Respondent contends *contra,* because:

(a) Immediately upon the merger having been effected, to-wit: on September 18, 1953, the three merging corporations were dissolved as legal entities, and with their dissolution there came into existence Beard Oil Company and Camden Equipment Company, Inc.;

(b) Immediately thereafter part of the assets of the three original corporations were transferred to Beard Oil Company and part to Camden Equipment Company, Inc.; and

(c) The 500 authorized shares of stock of Beard Oil Company and the 250 authorized shares of Camden Equip-

ment Company, Inc. (the Declaration for Charter had provided for a par value of $100.00 instead of $50.00), were issued to the several stockholders of the merging corporations in exchange for and in proportion to their holdings in the composite valuation of said corporations, so that the holder of stock in any of the merging corporations received in place thereof stock in the two new corporations equal in value to his holdings in the merging corporations.

The "Agreed Statement Of Facts And Agreed Positions Of The Parties" includes the following stipulations:

For the part of the defendant, that its examining auditor, who made an examination of the corporate transactions herein involved, if sworn, would testify: "that on October 3, 1955, he asked to see the opening entries of the two corporations, was shown a paper entitled 'Statement of Merger, Consolidation and Reorganization' dated August 31, 1953, which represented balance sheets of these two corporations, and that these records did not disclose from what source the assets of these two corporations were derived, but it was made to appear that the opening record of Camden Equipment Company, Inc., was made subsequent to that of Beard Oil Company".

For the part of the plaintiffs, that the certified public accountant who handled the corporate transactions herein involved, if sworn, would testify: "that the opening entries on the books of Beard Oil Company and Camden Equipment Company, Inc., show only the assets each of these two companies ended up with as a result of the reorganization; that the assets of Camden Equipment Company, Inc., did not show any passage through Beard Oil Company, and that the opening entries of Camden Equipment Company, Inc., were made after the opening entries of Beard Oil Company simply because it is impossible for one person to open two sets of books at the same time".

Pertinent to our inquiry are the following sections of the 1952 Code·

Section 12-451. "Any two or more corporations existing under the laws of this State for the purpose of carrying on any kind of business, except railroads and other transportation companies and telegraph and other transmitting corporations owning or controlling parallel or competing lines, may consolidate into a single corporation which may be either one of said consolidated corporations or a new corporation to be formed by means of such consolidation."

Section 65-251. "The words 'gross income' mean the income of a taxpayer derived from salaries, wages or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, business, commerce, sales or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property, and also from interest, rent, dividends, securities or the transaction of any business carried on for gain or profit and income derived from any source whatsoever. The amount of all such items shall be included in the gross income of the income year in which received by the taxpayer unless, under the methods of accounting permitted under this chapter, any such amounts are to be properly accounted for as of a different period."

Section 65-275. "In a reorganization, consolidation or merger the exchange of stock or property for stock of a corporation a party to the reorganization, consolidation or merger shall not be deemed to result in gain or loss."

It is a well-established rule of construction that a tax statute is not to be extended beyond the clear import of its language, and that any substantial doubt as to its meaning should be resolved against the government and in favor of the taxpayer. *United States v. Merriam,* 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547; *Fuller v. South Carolina Tax Commission,* 128 S. C. 14, 121 S. E. 478; *Hay v. Leonard,* 212 S. C. 81, 46 S. E. (2d) 653.

Equally well settled is the rule that the word "income" as used in a tax statute is to be taken in its ordinary sense of gain or profit. *Southern Weaving Company v. Query*, 206 S. C. 307, 34 S. E. (2d) 51.

Also, in determining the tax consequences of the transaction under review, we must be governed by its substance, not its form; for "the incidence of taxation depends upon the substance of a transaction". *Commissioner of Internal Revenue v. Court Holding Company*, 324 U. S. 331, 65 S. Ct. 707, 708, 89 L. Ed. 981.

Section 12-451 of the Code contemplates the reorganization, consolidation, or merger of two or more corporations resulting in their assets being held by one corporation. It does not expressly or by necessary implication prohibit the creation, simultaneously with and as an integral part of the reorganization, of a second corporation to which, in the course of the reorganization, some of assets of the merging corporations will pass. But whether the transfer, in reorganization, of assets of the merging corporations to two new corporations rather than one, is impliedly sanctioned by Section 12-451, is not the issue here. The real issue is whether the issuance to the respondent E. B. Beard of the shares of Camden Equipment Company, Inc., was in fact a distribution of profits (surplus) of Beard Oil Company and therefore taxable as income, or an exchange of stock in the course of a reorganization within the purview of Section 65-275.

It will not be necessary to consider separately appellant's several exceptions. Some of them charge that the lower court erred in its interpretation of appellant's position as set forth in the "Agreed Statement Of Facts and Agreed Positions Of The Parties", as, for example:

1. That the court found that the defendant (appellant here) had taken the position that part of the surplus of the three original corporations had been distributed to the shareholders of said corporations in the form of shares of Camden Equipment Company, Inc.; whereas the defendant's

position was that it was the surplus of Beard Oil Company, not of the three original corporations, that had been distributed, and not to the shareholders of the original corporations but to the shareholders of Beard Oil Company.

2. That the decree stated that apparently the defendant's position was that the formation of Camden Equipment Company, Inc., was an event subsequent to the reorganization; whereas the defendant's position was that the tax liability had resulted not because of the time of the formation of Camden Equipment Company, Inc., but because of the distribution of the surplus of Beard Oil Company to its stockholders.

There is, as appellant thus contends, some inaccuracy in the lower court's statement of appellant's position; and this has been taken into consideration in our statement, ante, of the contentions of the respective parties. But the inaccuracy complained of is of no consequence if, as we think is the case, the same result would have been required had the court stated appellant's position correctly. Cf. *Charleston & W. C. Ry. Co. v. Gosnell,* 106 S. C. 84, 90 S. E. 264, L. R. A. 1917B, 215; *Johnston v. Belk-McKnight Co. of Newberry, Inc.,* 188 S. C. 149, 198 S. E. 395.

So far as concerns the issue before stated, such discrepancy as may be found between the stipulated testimony of appellant's auditor and that of respondents' accountant is of little or no consequence. From the former it would appear that the initial balance sheets of Beard Oil Company and Camden Equipment Company, Inc. (corporations that came into being on September 18, 1953) were set up on the "Statement of Merger, Consolidation and Reorganization" dated August 31, 1953 (the date of the final audit of the three merging corporations), and that these balance sheets do not show the source of assets. From the latter it appears that the opening entries on the books of Beard Oil Company and Camden Equipment Company, Inc., show only the assets of these corporations upon completion of the reorganization and do not show passage of assets through Beard Oil Company into Camden Equipment Company, Inc.

Our search is for substance, not form,—for the realities of the transaction, not book entries. And from the record here the conclusion is inescapable that the actual result of the "reorganization, consolidation and merger" was that each holder of stock of any of the three merging corporations (which stock in each case included an interest in a substantial earned surplus) received in exchange therefor stock of Beard Oil Company and of Camden Equipment Company, Inc., in proportion to and equal in value to his holdings in the composite valuation of the merging corporations. That the assets represented by the stock of Camden Equipment Company, Inc., may have passed through Beard Oil Company is a matter of form, not substance. In reality they represented, in part, surplus of the three original corporations; their transfer into Camden Equipment Company, Inc., was clearly an integral part of the reorganization; and the issuance of the stock of Camden Equipment Company, Inc., share for share, to the stockholders of Beard Oil Company (who were in fact the stockholders of the merging corporations, and whose holdings in Beard Oil Company were in the ratio of their holdings in the merging corporations) was in reality in exchange, together with the stock of Beard Oil Company, for their holdings in the merging corporations. As such it was not taxable as income.

This conclusion does not conflict with *Wilson v. South Carolina Tax Commission,* 220 S. C. 171, 66 S. E. (2d) 698. In that case there was in reality no reorganization; a corporation, in order to insulate its real estate (which was earned surplus) from liability, had conveyed it to a newly formed corporation, the stock of which was distributed among the stockholders of the old corporation. The corporate existence and functions of the old corporation were not impaired, and its stockholders had given nothing in exchange for the stock of the new corporation, which was accordingly held taxable as dividends.

*Commissioner of Internal Revenue v. Wakefield,* 2 Cir., 139 F. (2d) 280, upon which appellant relies, did not in-

volve corporate reorganization and does not appear to be in point. There Nashville Securities Company, a corporation, bought, wholly out of its earned surplus, bonds and stock of Alabama Mills, Inc., which it distributed to its stockholders later in the same taxable year. Such bonds and stock were held to represent earnings and profits, not capital, and the distribution was accordingly held to constitute a taxable dividend.

Affirmed.

STUKES, C.J., and TAYLOR, OXNER and MOSS, JJ., concur.