18777

Lillian D. FRASHER, Appellant, v. Alice R. COFER, Respondent

(160 S. E. (2d) 560)

*Messrs. Pyle & Pyle,* of Greenville, *for Appellant,*

*Messrs. Williams & Henry,* of Greenville, *for Respondent,*

April 8, 1968.

LEGGE, Acting Associate Justice.

Plaintiff alleged in her complaint that on May 2, 1966, she contracted to buy from the defendant a house and lot; that the contract was consummated by delivery of the deed on June 23, 1966; that she moved into the house in July, 1966; and that thereafter when she had the heating system serviced the furnace was found to be defective and unfit for use, and she had to replace it, at a cost of $625.00. She seeks to recover this amount, alleging that the defendant impliedly warranted that the heating system was in all respects fit and proper for its intended use. She does not al-

lege fraud or concealment. She appeals from an order sustaining a demurrer to the complaint for failure to state facts sufficient to constitute a cause of action.

The exceptions present two issues:

1. In the sale of residential real estate, is there an implied warranty of fitness of the heating system?

2. Did the trial court err in taking into consideration the fact, conceded by both parties upon the hearing of the demurrer, that the house was a "used one"?

The rule that a sound price requires a sound commodity comes from the civil, not the common law. It has long been followed in this state with respect to the sale of chattels. *Barnard v. Yates,* 1 Nott & McC. (10 S. C. L.) 142. With respect to the sale of realty, it was approved in *State v. Gaillard,* 2 Bay (2 S. C. L.) 11, and later rejected in *Evans v. Dendy,* 2 Speers L. (29 S. C. L.) 9, where the court pointed out that the case of *State v. Gaillard, supra,* was clearly one of misrepresentation, in which resort to the civil law doctrine was unnecessary, since the defendant would have been entitled to relief under the principles of the common law. Following *Evans v. Dendy,* the rule against implied warranty in the sale of realty was reiterated in *Rupart v. Dunn,* 1 Rich. L. (30 S. C. L.) 101; *Mitchell v. Pinckney,* 13 S. C. 203; *Lessly v. Bowie,* 27 S. C. 193, 3 S. E. 199, and *Latimer v. Wharton,* 41 S. C. 508, 19 S. E. 855. But in all of those cases it is apparent that rejection of implied warranty does not relieve the seller of liability where fraud exists. To quote from *Lessly v. Bowie, supra:*

"In a sale of lands there is certainly no implied warranty, as there may be in reference to personalty. There is no such thing as a failure of consideration arising out of a contract implied, or, as it is sometimes expressed, the equitable condition of sale. A purchaser must protect himself, if at all, by covenants in writing, out of which all his rights of defense must come, except, perhaps, in the case of fraud."
And from *Mitchell v. Pinckney, supra:*

"We are of opinion that the proper principle is, that in cases without warranty the purchaser, when sued for the purchase money, may set up any defence which is independent of contract and constitutes a demand against the vendor in the nature of a cross-action, such as fraud or misrepresentation, and that this is the extent to which such defence can go."

We are unable to agree with appellant's suggestion that our decisions before mentioned indicate that the rule against implied warranty is applicable only to the vendor's title, and not to the condition of the realty. No such limitation is suggested in any of them. This court has not heretofore had occasion to consider it in respect of a heating system or other utility included in and as part of the sale of a residence. The decisions in other jurisdictions are conflicting, and detailed review of them would serve no useful purpose at this time. Many are collected in *Steiber v. Palumbo* (1959), 219 Or. 479, 347 P. (2d) 978, 78 A. L. R. (2d) 440. The majority exempt the vendor from liability for defects in the premises existing at the time of the conveyance, in the absence of express warranty; but this rule has been the subject of much criticism, and in a number of jurisdictions it has been flatly repudiated where residential property, built by the vendor, has been sold upon or shortly after completion and personal injury to the vendee or others on the premises with his permission has resulted from a defective condition of which the vendor knew or should have known, but of which the vendee did not know or have reason to know. To hold the builder-vendor of a new house liable, whether for personal injury or for property damage, where the circumstances of the transaction are such as to warrant the inference that his failure to disclose the defect was tantamount to fraud or misrepresentation, would seem not inconsistent with the exception to the rule against implied warranty noted in *Lessly v. Bowie* and *Mitchell v. Pinckney, supra.*

But whether, or to what extent, there is inconsistency between the two theories upon which the vendor of realty may be held liable for injury or damage

resulting from defects existing at the time of sale is beside the point here; nor is it necessary in the present case to reject the one and espouse the other. For whether such liability be viewed as arising from fraud or misrepresentation or from deliberate or negligent concealment of a known defect, it is manifest that the complaint before us fails to state a cause of action under either theory. It does not allege that the house was a new one or that the defendant built it or that the claimed defect was or should have been known to her; it does not state facts from which fraud or misrepresentation or concealment may be reasonably inferred.

The other issue may be briefly disposed of. It is elementary that in passing upon a demurrer the court is strictly limited to consideration of the pleading under attack and may not consider facts not alleged therein. *Spell v. Traxler,* 229 S. C. 466, 93 S. E. (2d) 601; *Taylor v. Wall,* 231 S. C. 683, 100 S. E. (2d) 400; *Sandy Island Corporation v. Ragsdale,* 246 S. C. 414, 143 S. E. (2d) 803. The trial judge states in his order here under appeal that "it is conceded by both parties that the house involved is a 'used one'." In the agreed statement in the transcript of record, and also in the opening statement of appellant's brief, we find the following: "By agreement, defendant continued to reside in the house until some time in July, 1966, at which time she vacated. Plaintiff and her family then moved in." In these circumstances appellant's standing to invoke the restrictive rule may well be questioned. But we need not pursue that inquiry. Assuming error on the part of the trial court in considering the conceded fact, such error was not prejudicial to appellant's rights and therefore furnishes no basis for reversal here, since the trial court would have been required to reach the same result had its consideration been limited to the facts appearing on the face of the complaint. *Charleston & W. C. Ry. Co. v. Gosnell,* 106 S. C. 84, 90 S. E. 264, L. R. A. 1917B, 215; *Beard v. South Carolina Tax Commission,* 230 S. C. 357, 95 S. E. (2d) 628.

Affirmed.

Moss, C. J., and Lewis, Brailsford, and Bussey, JJ., concur.