255 S.C. 517 (1971)
180 S.E.2d 206
A. Elliott LAWSON, and Norma Caldwell Lawson, Appellants,
v.
The CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, as Trustee Under the Will of R.B. Cleveland, Respondent.
19189
Supreme Court of South Carolina.
March 23, 1971.
*518 Messrs. Johnson & Smith of Spartanburg, for Appellant.
*519 Roy McBee Smith, Esquire, of Spartanburg, for Respondents.
Messrs. Johnson & Smith, of Spartanburg, in reply.
March 23, 1971.
BRAILSFORD, Justice:
The plaintiff A. Elliott Lawson purchased a lot in a residential subdivision from the defendant, The Citizens and Southern National Bank of South Carolina, as Trustee, the developer of the property. He and Mrs. Lawson, his co-plaintiff, built a residence on the lot, which they occupied for a time as a home. Shortly thereafter, the husband and wife were divorced, and the residence was conveyed to her in partial discharge of his obligation to support her and the minor children of the marriage. Upon discovering that the dwelling had been built over a ravine, which had been filled with unsuitable material by the defendant and capped with clay, and upon the occurrence of consequent damage to the *520 building, Mr. and Mrs. Lawson joined in bringing this action for actual and punitive damages against the developer.
The defendant demurred to the complaint on five stated grounds which, according to the agreed case, challenge the pleading for insufficiency of facts to state a cause of action and for improper joinder of several causes of action. The circuit court sustained the demurrer, and plaintiffs have appealed to this court.
The statement of plaintiffs' cause of action has suffered from failure of the draftsman to settle upon a remedy to be invoked for the wrong of which plaintiffs complain. The complaint carefully avoids making a choice. Instead, it jumbles allegations appropriate to an action for deceit with allegations appropriate to an action for negligence. However, it is well settled that a plaintiff need not label his cause of action, and these deficiencies do not make the complaint vulnerable to demurrer. When attacked by demurrer for insufficiency of facts, a complaint must be liberally construed in favor of pleader and sustained if facts alleged, and inferences reasonably deducible therefrom, entitle plaintiff to any relief on any theory of the case, even though different from that on which he may have supposed himself entitled to recover. Everett v. White, 245 S.C. 331, 140 S.E. (2d) 582 (1965); Turbeville v. Gordan, 233 S.C. 75, 103 S.E. (2d) 521 (1958); 15 West's South Carolina Digest, Pleading, Key 204 (1952).
Here the complaint charges, by specific allegation or reasonable inference, that the defendant in developing and subdividing its land into lots to be sold for residential use only, filled an enormous gulley with stumps and other rubble to a depth of twenty to twenty-five feet and concealed this fill by covering it with soil. A large part of the lot sold to Mr. Lawson was comprised of this filled area, which the defendant knew was unstable and unsuited for the intended purpose. Knowing that the purchaser was ignorant of the condition, which was not apparent upon inspection, *521 and knowing its materiality, the defendant failed to disclose the truth.
"Unquestionably, the concealment of material facts that one is, under the circumstances, bound to disclose may constitute actionable fraud. Indeed, one of the fundamental tenets of the Anglo-American law of fraud is that fraud may be committed by a supression of the truth (suppressio veri) as well as by the suggestion of falsehood (suggestio falsi). It is, therefore, equally competent for a court to relieve against fraud whether it is committed by suppression of the truth  that is, by concealment  or by suppression of falsehood." 37 Am. Jur. (2d). Fraud and Deceit, Sec. 144, p. 196 (1968).
We have no precedent in our decisions involving nondisclosure of an artificially created, and concealed, unstable condition of land sold. However, courts elsewhere, applying settled principles, have consistently found a duty to disclose in landfill cases on analogous facts. 37 Am. Jur. (2d), Fraud and Deceit, Sec. 160 (1968); Annot., 80 A.L.R. (2d) 1453 (1961), and supplementary material.
We are satisfied that the facts alleged in this complaint are sufficient to support an inference of fraudulent concealment; hence, to state a cause of action for fraud and deceit. The court erred in sustaining the first ground of demurrer.
The claim that distinct causes of action are improperly joined in the complaint is without merit. The only cause of action stated is for actual and punitive damages for the fraudulent concealment of a sub-surface defect in the lot sold to Mr. Lawson by the defendant. The measure of general damages in such a case, according to the prevalent "benefit of the bargain" rule, is the difference between the actual value of the lot at the time of the sale and the value that it would have had if the concealed defect had not existed. 37 Am. Jur. (2d), Fraud and Deceit, Sec. 353 (1968); Annot., 13 A.L.R. (3d) 875, 885 (1967). In addition, the purchaser is entitled to recover any special or *522 consequential damages which are the natural or proximate result of the seller's fraud. 37 Am. Jur. (2d), Fraud and Deceit, Sec. 362 (1968). Under the facts of this case these rules may be conveniently combined to evolve as the measure of damage for defendant's alleged fraud the difference between the value of the lot and improvements at the completion of the dwelling and the value they would have had if the land had been stable. Neither subsequent physical injury to the dwelling, nor expenditures for its repair or protection, as alleged in the complaint, raises a new cause of action. Nor are they recoverable as distinct elements of damage, although evidence thereof may be relevant to the ascertainment of depreciated value attributable to the soil defect. Horne v. Cloninger, 256 N.C. 102, 123 S.E. (2d) 112 (1961).
The cause of action for general and special damages ripened in Mr. Lawson upon completion of the dwelling, and defendant's liability was unaffected by his subsequent conveyance of the premises. Louis Steinbaum Real Estate Co. v. Maltz, Mo., 247 S.W. (2d) 652, 31 A.L.R. (2d) 1052 (1952), and appended annotation. We need not inquire whether Mrs. Lawson is a proper party because defect of parties, not multiplicity, is ground for demurrer. Sec. 10-642(4), Code of 1962; Gibert v. Glenn, 159 S.C. 135, 156 S.E. 325 (1930). "Defect of parties, as the word imports, means too few, and not too many." Lowry v. Jackson, 27 S.C. 318, 321, 3 S.E. 473, 475 (1887).
Reversed.
MOSS, C.J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.