### 19506

Sol A. COHEN, Appellant, v. Gary M. BLESSING, Respondent.
(192 S. E. (2d) 204)

*Messrs. Franklin D. Beattie, Jr.,* and *James E. Austin,* of Aiken, *for Appellant,*

*Arthur D. Rich, Esq.,* of *Lybrand, Rich, Cain & Simons,* Aiken, *for Respondent,*

*Messrs. Franklin D. Beattie, Jr.,* and *James E. Austin,* of Aiken, *for Appellant, in Reply.*

October 24, 1972.

LEWIS, Justice:

Plaintiff appeals from an order sustaining a demurrer to his complaint for failure to state a cause of action.

This action was brought by plaintiff to recover damages allegedly sustained from the sale to him by defendant of a dwelling house which was "infested with insect pests." The complaint attempts to set forth two causes of action. Both are based upon identical facts.

The basic factual allegations are that plaintiff purchased defendant's residence; that defendant knew the residence was infested with insects, but plaintiff did not; and that defendant deliberately failed to disclose the insect infestation in order to deceive· plaintiff and induce him to purchase the property. It is inferable, under a liberal construction of the allegations, that the insect infestation was a latent condition which was not apparent upon a reasonable examination of the property.

The first cause of action is based upon fraud and deceit arising out of the alleged fraudulent concealment of the insect infestation, and the second upon the alleged breach of an implied warranty that the residence was fit for the purpose for which it was sold.

The lower court was in error in sustaining the demurrer to the first cause of action.

We sustained an action for fraud and deceit in *Lawson v. Citizens and Southern National Bank of S. C.*, 255 S. C. 517, 180 S. E. (2d) 206, where the developer sold a residential lot comprised largely of a ravine which had been filled to a depth of 20 to 25 feet with stumps and other rubble and then concealed the fill with soil. The nature of this concealed fill was such that it was unstable and unsuited for the purpose for which it was sold. The seller, knowing that the purchaser was ignorant of the condition, which was not apparent upon inspection, failed to disclose the truth. These facts were held sufficient to state a cause of action for fraud based upon fraudulent concealment. A duty to disclose was found to exist.

The general principle recognized in the *Lawson* case was thus stated in 37 Am. Jur. (2d), Fraud and Deceit, Section 158:

". . . when there exists in the property which is the subject of a sale latent defects or hidden conditions not discoverable on a reasonable examination of the property, the seller, if he has knowledge thereof, is bound to disclose such latent defects or conditions to the buyer, and his failure to do so may be made the basis of a charge of fraud."

We find no sound basis for distinction between the *Lawson* case and the present one. The better reasoned recent decisions, which we follow, have found a duty on the seller to disclose termite or or insect infestation "in the property known to him, but unknown to, and not readily observable upon reasonable inspection by the purchaser." Annotation: 22 A. L. R. (3d) 972, Section 3, page 977. Under the foregoing principles, the complaint states a cause of action for fraud and deceit.

With reference to the second cause of action, the lower court properly sustained the demurrer under the decision in *Frasher v. Cofer*, 251 S. C. 112, 160 S. E. (2d) 560. *Frasher,* as is the case here, involved the sale of a home by the owner-occupant rather than a builder-

vendor, and it was held that there was no implied warranty as to fitness in such a sale.

The portion of the judgment sustaining the demurrer to the first cause of action is accordingly reversed; but affirmed as to the second cause of action.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.