21179

Jack MacFARLANE and Merle Irene C. MacFarlane, Appellants,
Pauline N. MANLY and J. Bonner Manly, Respondents.

(264 S. E. (2d) 838)

*Timothy G. Quinn* and *Daniel T. Stacey,* Columbia, *for appellants.*

*T. Alexander Beard* of *Cooper, Bowen, Beard & Smoot,* Camden, *for respondents.*

March 31, 1980.

LITTLEJOHN, Justice:

This action was commenced by Jack MacFarlane and Merle Irene C. MacFarlane (buyers) against Pauline N. Manly and J. Bonner Manly (sellers) for fraud in the sale of a house and lot by reason of failure to disclose termite and water damage. Motion was made by the sellers for summary judgment on the grounds that the buyers ". . . had knowledge of the alleged defects at the time of purchase, and further that Defendants (sellers) as a matter of law had no duty to disclose any matters to the Plaintiffs." The motion was granted. The buyers have appealed. We reverse.

The relevant facts are not greatly, if at all, in dispute.[1] The sellers had a house and lot listed for sale with John H. Gibson Realty. The buyers were in touch with Gibson and negotiations ensued, resulting in a written contract, under the terms of which the buyers agreed to pay $75,500.00 for the property. Sellers agreed to pay Gibson a real estate commission. The buyers agreed to accept the property "as is." Jack MacFarlane was a member of the military forces and was in Alaska during part of the period of negotiations and during the closing of the transaction. Gibson helped MacFarlane with such things as procuring an attorney, procuring one to examine the heating equipment and procuring Terminix Service, Inc., to examine the property. Terminix examined the property at Gibson's request and supplied its letter addressed to Gibson, who paid the bill but was later reimbursed by the buyers. The form letter supplied by Terminix, and addressed to John Gibson Realty, read as follows:

"Gentlemen:

This is to certify that the property at 3550 Overcreek Rd., Columbia, S. C., has been inspected and found to be free and clear of any active termite infestation. This report is not to be construed as a guarantee, but rather is the opinion of a

---

[1] However, the inferences to be drawn are in dispute.

qualified inspector and the building is subject to undisclosed infestation and/or damage."

The house had been severely damaged by termites sometime prior to the sale. The sellers were aware of this and were aware of the fact that the house had temporary supports in the form of metal jacks. They had paid about $700.00 to repair termite and water damage and for installation of the temporary metal supports. It is inescapable that Terminix observed this and did not mention the same in its report. Reference to the letter of certification reveals that Terminix only said the house was ". . . free and clear of any *active* termite infestation." (Emphasis added.)

The order of summary judgment was granted in the court below on the theory that the buyers were not misled and that Terminix, being their agent, knew of the damage and its knowledge was imputed to the buyers. The court held that the buyers ". . . had actual knowledge of the condition of the premises through their agent, Terminix, and that Plaintiffs [buyers] were not justified in relying upon Defendants [sellers] to disclose matters Plaintiffs had hired professionals to determine." There is no contention that the buyers had actual personal knowledge of the defects.

It is obvious that the judge held as a matter of law that Terminix was agent of the buyers. The buyers submit that Terminix was actually selected and procured by Gibson, who was the sales agent of the sellers.

It should be noted that the letter of certification by Terminix did not purport to indicate whether there was or was not "undisclosed infestation and/or damage." The record does not reflect what Terminix was employed to do. Terminix took its instruction from Gibson, to whose advantage it was to procure a good report. His commission hinged upon convincing the buyers that the house was sound. It was also to the advantage of the sellers to receive a good report. The letter, skillfully prepared to the advantage of the writer, is subject to interpretation.

Prior to the bringing of this action, the buyers sued Terminix. Copies of the complaint and answer are made a part of the record and were before the trial judge. The gist of the action was that Terminix failed to perform its duty to the buyers to report the condition which they found. The case was settled. Much is made in argument of the fact that some of the allegations of the complaint against Terminix are inconsistent with positions now taken by the buyers. Such can be of little comfort. The fact that a plaintiff, in different lawsuits, may take inconsistent positions does not as a matter of law bar the right to recovery. Defendants are permitted to plead inconsistent defenses. By a similar token, the testimony of a witness is not disregarded merely because it is inconsistent with statements given prior to the trial; even if a witness testifies inconsistently within the same trial, the testimony is allowed to go to the jury, which must determine which time, if either, the witness is telling the truth. Here, the inconsistent matters complained of do not require or warrant a summary judgment.

From a review of the entire record, we conclude that the trial judge erred in granting the motion. Summary judgment should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable. This is true even when there is no dispute as to the evidentiary facts if there is dispute as to the conclusion to be drawn therefrom. *Abrams v. Wright,* 262 S. C. 141, 202 S. E. (2d) 859 (1974). We cannot say, from the meagre record before us, that there are no genuine issues to be determined by the trier of the facts.

The "as is" clause of the contract does not constitute an absolute defense to an action for fraud and deceit. The inclusion of "as is" clauses is usually an effort on the part of the seller to assure application of the *caveat emptor* rule. In *Lawson v. Citizens and Southern Nat. Bank of S. C.,* 259 S. C. 477, 193 S. E. (2d) 124 (1972), we said: ". . . the doctrine of *caveat emptor* does not apply in cases of fraud."

In years gone by, the tendency of the law was to let the buyer beware in real estate transactions. The more recent trend at the law is to hold the seller to a more strict accountability. This is demonstrated by cases decided in this court heretofore, as follows: *Lawson v. Citizens and Southern Nat. Bank of S. C., supra; Cohen v. Blessing*, 259 S. C. 400, 192 S. E. (2d) 204 (1972); *Rutledge v. Dodenhoff*, 254 S. C. 407, 175 S. E. (2d) 792 (1970); *Rogers v. Scyphers*, 251 S. C. 128, 161 S. E. (2d) 81 (1968).

Reversed.

LEWIS, C. J., and NESS and GREGORY, JJ., concur.