THIS OPINION HAS NO PRECENDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Oswald-White and Associates, Inc.,       
Respondent,
 
 
 

v.

 
 
 
Carn F. Hiott,       
Appellant.
 
 
 

Appeal From Colleton County
Harris Beach, Special Referee

Memorandum Opinion No. 2004-MO-037
Heard June 8, 2004 - Filed July 12, 
 2004

REVERSED

 
 
 
Ronnie L. Crosby, of Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A., 
 of Hampton, for Appellant.
Elbert O. Duffie, III., of Bogoslow, Jones, Stephens & Duffie, P.A., of 
 Walterboro, for Respondent.
 
 
 

JUSTICE 
 BURNETT:  Respondent Oswald-White and Associates, Inc. (Oswald-White), a real 
 estate company, brought this action for payment of a real estate commission 
 from Appellant Carn F. Hiott (Hiott) under an Exclusive Right to Sell Agreement 
 (Agreement) entered into by the parties.  The Special Referee awarded Oswald-White 
 $20,016, the contractually agreed commission. 
 [1]   We reverse.
FACTS
In the 
 early 1980s, Hiott purchased a 111.2-acre tract of land located in Colleton 
 County from his father for $400 per acre.  His father previously purchased the 
 parcel from a neighbor who operated a service station on the property when Hiott 
 was a child.
On September 
 27, 1999, Hiott and Oswald-White entered into an Exclusive Right to Sell Agreement, 
 which was a standard form contract drafted by Oswald-White.  The Agreement provided 
 Oswald-White was to receive a commission of 10 percent of the purchase price 
 for its services in obtaining a purchaser.  
On November 
 19, 1999, John R. Hetrick (Hetrick) agreed to buy the tract for $1,800 per acre.  
 Three or four days before the Hetrick agreement, Hiott discovered what he thought 
 could be contamination on the property.  This discovery reminded him that oil 
 drums had been buried on the property when he was a child.  Hiott, by his own 
 admission, made an anonymous telephone call to Hetricks office two days after 
 Hetrick agreed to buy the property discouraging Hetrick from purchasing the 
 tract because of the buried oil drums and potential contamination.    
 Thereafter, 
 Hetrick withdrew his offer to purchase the property.  Hiott agreed to sell the 
 property only if Hetrick would sign a hold harmless agreement absolving Hiott 
 of any liability for any contamination existing on the tract.  Hetrick refused 
 and no sales contract was ever executed.      
In this 
 action Oswald-White alleges breach of contract, fraudulent misrepresentation, 
 negligent misrepresentation, breach of contract with fraudulent intent, and 
 breach of implied covenant of good faith and fair dealing.  The special referee 
 granted judgment in favor of Hiott on all claims except Oswald-Whites negligent 
 misrepresentation claim.  Holding Hiotts negligent misrepresentation of the 
 condition of the land resulted in Oswald-Whites lost commission, the special 
 referee ordered judgment in favor of Oswald-White. 
ISSUE

Did the special referee err 
 in awarding Oswald-White commission based on Hiotts alleged negligent misrepresentation 
 of the condition of the land?

ANALYSIS
The special 
 referee determined Oswald-White earned its commission on the date Hetrick agreed 
 to buy the property and paid the required earnest money.  According to the referee, 
 Hiotts negligent misrepresentation occurred when he discovered the potentially 
 hazardous condition of the property and did not notify Oswald-White until two 
 days after Oswald-White received Hetricks offer to purchase the property.  
 The referee concluded Hiotts failure to disclose the condition of the property 
 directly and proximately caused Oswald-White to lose the commission to which 
 it is entitled under its contract with Hiott.  We disagree.
The elements necessary 
 to sustain a cause of action for negligent misrepresentation are not satisfied 
 in this case.  To establish liability for negligent misrepresentation, the plaintiff 
 must show (1) the defendant made a false representation to the plaintiff; (2) 
 the defendant had a pecuniary interest in making the representation; (3) the 
 defendant owed a duty of care to see that he communicated truthful information 
 to the plaintiff; (4) the defendant breached that duty by failing to exercise 
 due care; (5) the plaintiff justifiably relied on the representation; and (6) 
 the plaintiff suffered a pecuniary loss as a result of his reliance upon the 
 representation.  Sauner v. Public Service Authority of South Carolina, 354 S.C. 
 397, 407, 581 S.E.2d 161, 166 (2003).  Evidence of a mere broken promise is 
 not sufficient to prove negligent misrepresentation.  Id.
Oswald-Whites claim fails under 
 a negligent misrepresentation theory.  An essential element of this cause of 
 action is the defendant provide false information.  Hiott provided no false 
 information.  Oswald-White argues Hiotts failure to communicate the potential 
 contamination to the agency immediately upon discovery constitutes the false 
 statement.  While it is true silence can be a false representation, a true statement 
 cannot give rise to a claim of fraud or negligent misrepresentation.  Hiott 
 did what the law required him to do, i.e., tell the truth.  Although 
 Hiott initially revealed his concerns surreptitiously through the anonymous 
 phone call, he, nonetheless, told the truth.   In Lawson v. Citizens & 
 Southern National Bank of S.C., 255 S.C. 517, 180 S.E.2d 206 (1971), this 
 Court held that a duty is imposed upon the seller of land to disclose to 
 the purchaser of land the existence of unstable conditions which are artificially 
 created and concealed.  Hiott did so when he called Hetrick to report what he 
 suspected could be contamination on the property.  Accordingly, we reverse.
REVERSED.
TOAL, C.J., MOORE, WALLER and
PLEICONES, JJ., concur.      

 
                    [1] The $20,016 was computed by calculating 
 10 percent of the purchase price Hetrick offered to pay for the entire tract 
 of land.