JUSTICE HEARN:
With great respect, I concur in result with the majority. However, I write separately to concur in part and dissent in part from both the majority opinion and the dissent.
I agree with the majority that the scope of the arbitration clause covers the claims against JWH. However, I also agree with the dissent that the outrageous and unforeseeable torts exception remains a viable principle of law after Concepcion,[8] because it embodies a generally applicable contract principle: effectuating the intent of the parties. In my opinion, abolishing the “exception”—allegedly applicable only to arbitration *14 [9]—could lead to absurd results, such as forcing parties to arbitrate behavior that they clearly did not contemplate upon entering the contract or arbitration agreement. See Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204, 1214 (11th Cir. 2011) (“Even though there is [a] presumption in favor of arbitration, the courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties.” (citation omitted) (internal quotation and alteration marks omitted)); see also, e.g., Koon v. Fares, 379 S.C. 150, 155, 666 S.E.2d 230, 233 (2008) (explaining a contract “interpretation which establishes the more reasonable and probable agreement of the parties should be adopted while an interpretation leading to an absurd result should be avoided”); cf. Auto Owners Ins. Co. v. Rollison, 378 S.C. 600, 609, 663 S.E.2d 484, 488 (2008) (stating the Court will refuse to interpret statutory language in a manner that would lead to an absurd, and clearly uncontemplated, result (citation omitted)).
Nonetheless, I disagree with the dissent that the outrageous and unforeseeable torts exception applies here to bar JWH’s demand for arbitration. In a residential purchase agreement, it is entirely foreseeable that a seller would fail to disclose defects with the property.[10]
*15 More importantly, in examining the scope of arbitration agreements, this Court has traditionally considered whether a “significant relationship” exists between the claims asserted and the contract in which the arbitration clause is contained. Zabinski v. Bright Acres Assocs., 346 S.C. 580, 598, 553 S.E.2d 110, 119 (2001); see also Aiken v. World Fin. Corp. of S.C., 373 S.C. 144, 150, 644 S.E.2d 705, 708 (2007) (stating the significant relationship test is not a mere “but-for” causation standard). Thus, the Court must determine “whether the particular tort claim is so interwoven with the contract that it could not stand alone.” Zabinski, 346 S.C. at 597 n.4, 553 S.E.2d at 119 n.4. In fact, the Court has specifically stated the outrageous and unforeseeable torts exception sought only “to distinguish those outrageous torts, which although factually related to the performance of the contract, are legally distinct from the contractual relationship between the parties.” Aiken, 373 S.C. at 152, 644 S.E.2d at 709.
Accordingly, in this instance, I believe the correct inquiry is whether JWH’s alleged fraud in failing to disclose the presence of hazardous waste on the property is essentially a freestanding tort that is not significantly related to the sales contract and arbitration agreement between JWH and the Parsons. I would find there is a significant relationship between the claim and the contract in which the arbitration agreement is contained. The Parsons could not bring their claim against JWH absent the sales contract, as the claim is entirely reliant on the parties’ statuses under the contract. In other words, absent the sales contract, JWH would be under no duty to disclose these particular defects with the property to the Parsons or any other third-party.
*16 Therefore, I would find the outrageous and unforeseeable torts exception, while a viable principle of law, does not apply to bar JWH’s demand for arbitration here due to the significant relationship between the claims and the contract in which the arbitration agreement is contained. Accordingly, I concur in result with the majority to reverse the denial of JWH’s motion to compel arbitration.
BEATTY, J., concurs.

. AT&T Mobility, L.L.C. v. Concepcion, 563 U.S. 333, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011).

. To the extent the majority may consider this exception only applicable to arbitration, I wish to note my disagreement and clarify my understanding of the concept. I believe, despite its name, the legal principles underlying the outrageous and unforeseeable torts exception are equally applicable to contracts and arbitration agreements. Thus, if a litigant files a breach of contract suit for behavior not contemplated by the parties upon entering the contract, I believe this exception would provide the opposing party a defense to the breach of contract claim. Similarly, if a litigant attempts to defend himself by asserting an arbitration defense to a claim that does not fall within the scope of the arbitration agreement (perhaps because it was not contemplated by the parties upon entering the contract), I likewise believe this exception could provide the opposing party a defense to the demand for arbitration.

. Numerous lawsuits in our state involve a seller’s failure to disclose. See, e.g,, Lawson v. Citizens & S. Nat’l Bank of S.C., 259 S.C. 477, 193 S.E.2d 124 (1972) (involving a homebuyer's complaint that the seller failed to disclose that the residence’s lot was filled with unsuitable material and "capped” with clay); Cohen v. Blessing, 259 S.C. 400, 192 S.E.2d 204 (1972) (involving a homebuyer’s complaint that the seller deliberately failed to disclose that the residence was infested with *15 insects); Winters v. Piddle, 394 S.C. 629, 716 S.E.2d 316 (Ct. App. 2011) (involving a homebuyer’s complaint that the seller failed to disclose the presence of toxic mold in a house prior to closing). As such, it cannot come as a complete shock should a particular seller fail to disclose a defect to a particular buyer. In fact, the General Assembly has expressly provided a remedy in such an event, further supporting the idea that a seller’s failure to disclose is a foreseeable, albeit regrettable, possibility. See, e.g., S.C. Code Ann. § 27-50-65 (2007) (permitting recovery of actual damages, court costs, and attorneys' fees against a seller who knowingly fails to disclose “any material information on the disclosure statement that he knows to be false, incomplete, or misleading”).