22486

Mildred G. PRUITT, Respondent v. Anthony H. MORROW, Maelstrom Properties, Inc., and Westgate Land Trust, Defendants, of which Maelstrom Properties, Inc., is Appellant. Appeal of MAELSTROM PROPERTIES, INC.

(342 S. E. (2d) 400)

Supreme Court

*William M. Grant, Jr.,* and *Robert W. Hassold, Jr.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for appellant.*

*James C. Cothran, Jr.,* of *King & Cothran,* Spartanburg, *for respondent.*

Heard Feb. 10, 1986.

Decided Feb. 27, 1986.

CHANDLER, Justice:

After her home began to crack and shift, Mildred G. Pruitt (Pruitt) discovered it had been built over a stump pit capped with fill dirt. She brought actions in (1) fraud, (2) negligence and recklessness and (3) breach of implied warranty against the original subdividers (Maelstrom and Westgate) and the contractor (Morrow). She later dismissed her warranty claim.

The jury returned a verdict against Maelstrom only for $250,000 actual damages and $125,000 punitive damages. The trial judge reduced the actual damage award to $85,000, but left intact the punitive damage award.

We affirm.

## FACTS

The Ervin Company (Ervin) purchased a tract in Spartanburg County in 1971 and began subdividing the land. It roughed in streets and laid utilities in the portion known as "Camelot III." Westgate purchased Ervin's Spartanburg properties in 1974. Maelstrom is Ervin's corporate successor.

In 1976 Morrow purchased from Westgate a lot upon which he built a "spec" house. He sold this house to Mr. and Mrs. Couick in December of that year. Pruitt purchased the house from the Couicks in 1979.

After the house began to shift, Pruitt called upon Morrow to investigate. Morrow dug out the foundation wall and

discovered the house had been built over a gully filled with stumps and construction materials capped with fill dirt.

## ISSUE

The single issue we address is whether the doctrine of *caveat emptor* affords Maelstrom a defense.

## I. CAVEAT EMPTOR

Maelstrom contends the doctrine of *caveat emptor* governs the obligations of the parties in the sale of undeveloped real estate and affords a defense in this action. It argues that the exception to *caveat emptor*, which applies to sales of new buildings, does not extend to sales of undeveloped land. *See and compare Lane v. Trenholm Building Co.*, 267 S. C. 497, 229 S. E. (2d) 728 (1976); *Jackson v. River Pines, Inc.*, 276 S. C. 29, 274 S. E. (2d) 912 (1981).

*Lane and Jackson*, however, were actions based upon breaches of implied warranties of fitness. Here, Pruitt dismissed her warranty claim and relied solely upon causes of action in fraud and negligence/recklessness.

### A. *Application in Fraud and Negligence Actions*

In *Lawson v. Citizens & Southern National Bank of S. C.*, 255 S. C. 517, 180 S. E. (2d) 206 (1971), a "land-fill" case with strikingly similar facts, this Court held that a duty is imposed upon the seller of land to disclose the existence of unstable conditions which are artificially created and concealed. We reversed the trial court's sustaining of a demurrer and remanded.

At trial, the jury returned a verdict for the homeowner. In a second appeal, this Court defined the duty as follows:

> Where material facts are accessible to the vendor only, and he knows them not to be within the reach of the diligent attention, observation and judgment of the purchaser, the vendor is bound to disclose such facts and make them known to the purchaser.

*Lawson v. Citizens and Southern National Bank of S. C.*, 259 S. C. 477, 485, 193 S. E. (2d) 124, 128 (1974).

The defendant in *Lawson II* raised *caveat emptor* as a defense. We held: "The short answer to this question is that

the doctrine of *caveat emptor* does not apply in cases of fraud." 259 S. C. at 286, 193 S. E. (2d) at 129.

We hold that the doctrine of *caveat emptor* is also ■ inapplicable in actions based upon negligent or reckless non-disclosure of land defects. *See also* Restatement of Torts, 2d, § 353, which rejects, by clear implication, *caveat emptor* in non-disclosure of land defect cases.

## II. REMAINING ISSUES

Based upon oral argument and a careful consideration of the record and briefs, we conclude that the remaining issues present no errors of law, and that a written opinion would be without precedential value. Accordingly, the judgment of the trial court in these respects is affirmed pursuant to Supreme Court Rule 23.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.