COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Clements and McClanahan
Argued at Richmond, Virginia


COLLIN WINFIELD SHAFFER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1945-03-2              JUDGE JEAN HARRISON CLEMENTS
                                                          JUNE 8, 2004
MARTHA ANNE LAWTON SHAFFER


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

        Larry A. Pochucha (Bowen, Champlin, Carr & Rockecharlie, on
        brief), for appellant.

        Carol A. N. Breit for appellee.


        Collin Winfield Shaffer (husband) appeals from a protective order entered by the trial court

on June 27, 2003, modifying an earlier protective order entered on May 12, 2003.  On appeal,

husband contends the modifications requested by Martha Anne Lawton Shaffer (wife) and

handwritten by the trial court judge on the order of June 27, 2003, were void *ab initio*, an abuse of

the trial court's discretion, and a denial of his constitutional right of due process.  Finding appellate

review procedurally barred, we affirm the decision of the trial court.

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

Our review of an appeal is restricted to the record. Turner v. Commonwealth, 2 Va. App. 96, 99, 342 S.E.2d 400, 401 (1986). "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "Transcripts and statements of facts serve the identical purpose on appeal—to provide a record of the incidents of the trial proceeding." Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 77 (1992). Furthermore, we do not presume on appeal that the lower court has erred. Indeed,

> "[w]e have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

Smith, 16 Va. App. at 635, 432 S.E.2d at 6 (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

Rule 5A:25(b) provides that "[a]n appendix shall be filed by the appellant in all cases" brought before this Court. The appendix must include everything that is germane to the appeal. See Rule 5A:25(c). In considering a case on appeal, we may look beyond the appendix into the record, but we are not required to do so. See Rule 5A:25(h).

The appendix submitted in this case comprises the following documents: wife's petition for a protective order, alleging family abuse, filed in the juvenile and domestic relations district court (J&DR court) on January 3, 2003; a March 11, 2003 letter opinion by the trial court judge, authorizing the issuance of a protective order; a protective order entered on May 12, 2003; an order entered by the trial court on June 27, 2003, modifying the May 12, 2003 protective order; two written statements of facts, one prepared by each party; and a certificate by the trial court noting that

"[t]he Written Statement of Facts as submitted by [wife] and [husband] represent what occurred in the Court on June 27, 2003" and that, "[a]fter argument of counsel the Court reviewed the Order presented in chambers and amended the Order to comport to the argument."

Based upon our review of the documents in the appendix, we conclude that the following procedural events occurred: On January 3, 2003, wife filed a petition in the J&DR court for a protective order against husband, pursuant to Code § 16.1-279.1. The J&DR court entered a protective order on January 21, 2003. Neither this order nor its terms are part of the appendix. On March 10, 2003, evidence was heard by the trial court on the appeal of the protective order entered by the J&DR court on January 21, 2003. On March 11, 2003, the trial court judge issued a letter opinion finding that the evidence supported the entry of a protective order and declaring, *inter alia*, that "[t]here is to be no contact between the parties in person, by phone or in writing except for business correspondence." In a protective order entered May 12, 2003, the trial court ordered as follows:

> [Wife] shall have exclusive use and possession of the former marital residence located at 5820 E. Rois Road, Richmond, Virginia. [Husband shall] have access to the workshop and shed for work purposes from 9:00 a.m. to 4:00 p.m., Monday through Friday. [Husband] is not allowed to enter the residence. In the event [wife] is at home because of sickness, holiday, vacation or any other reason, [husband] shall not have access to the property. The effective date of access to [husband] shall be March 24, 2003.
> This Protective Order shall remain in full force and effect until January 21, 2005.

According to husband's statement of facts, husband appeared by counsel before the trial court on June 27, 2003, and filed a settlement agreement in a separate case involving the same parties and moved for the entry of an order rescinding and eliminating the provision in the May 12, 2003 protective order granting wife exclusive use and possession of the former marital residence. Wife also appeared by counsel at the June 27, 2003 hearing, and requested that an order be entered requiring that husband have no contact with wife.

- 3 -

According to wife's written statement of facts, husband appeared by counsel before the trial court on June 27, 2003, and filed a settlement agreement in this case and moved for the entry of an order eliminating the provision in the May 12, 2003 protective order granting wife exclusive use and possession of the former marital residence. Husband represented to the court that "the parties had agreed to modify this term" of the protective order. Wife also appeared by counsel at the June 27, 2003 hearing, and agreed with the entry of an order eliminating the provision granting wife exclusive use and possession of the former marital home. However, wife requested that the trial court enter an order that "comported with the parties' agreement" and "objected to any other modifications . . . to the prior rulings and [o]rder/s of the [c]ourt with respect to the [p]rotective [o]rder." The trial court judge advised the parties that he would "address the issue" in his order.

Neither the settlement agreement nor any of the parties' respective requests regarding modification of the protective order are a part of the appendix. It is unclear from the appendix whether any of the parties' modification requests were submitted in writing.

No testimony was presented at the June 27, 2003 hearing. Husband presented to the court a prepared order endorsed by his counsel under the heading: "We Ask For This." Wife's counsel endorsed the order under the heading: "Objected to as the order does not comport with the Agreement of the parties." After the hearing, following counsel's departure from the courthouse, the trial court judge reviewed the presented order in chambers and, adding handwritten interlineations, "amended the Order to comport to the argument." That order, which was entered by the court on June 27, 2003, reads (with the court's interlineations in italics) as follows:

> On the 27th day of June, 2003 came the respondent, Collin Winfield Shaffer, by counsel; by agreement of the parties, no appearance was made by the petitioner, Martha Anne Lawton Shaffer, either in person or by counsel; upon respondent's Motion for a Modification of the Protective Order; upon the filing of a Property Settlement Agreement in the case of <u>Collin Winfield Shaffer v. Martha Anne Lawton Shaffer</u>, Chancery No. CH03-53 and was argued by counsel.

Accordingly, it is ORDERED that the protective order *in the Henrico County J&D Court on January 21, 2003 and modified* herein on May 12, 2003 be and the same is hereby *again* modified by rescinding and eliminating the provision granting to petitioner the exclusive use and possession of the former marital residence at 5820 E. Rois Road, Richmond, Virginia thereby allowing full and complete access to the said real property by respondent;

And except as modified, the order *entered in the Henrico County J and D Court on January 31, 2003 is affirmed and* shall remain in effect.

Husband appeals from this order.

## II. ANALYSIS

On appeal to this Court, husband contends the trial court was without jurisdiction to modify the protective order of May 12, 2003, more than twenty-one days after its entry to include a provision which operated against him where no written motion was filed by wife as required by Code § 16.1-279.1. He further contends the trial court abused its discretion and violated his constitutional right to due process by entering the modified order without advance notice of the modifications and without any evidence presented to support those modifications.

Wife contends husband's appeal must be dismissed because the questions set forth in his opening brief are not the same as outlined in his "Questions To Be Presented." Although husband has rephrased his questions in his opening brief, we conclude that the questions he argues on brief are substantially similar to his "Questions To Be Presented." We note, however, that husband's opening brief does not comply with Rule 5A:20, which requires that each question presented contain a clear and exact reference to the page of the transcript, written statement, record, or appendix where each question was preserved in the lower court.

From our review of the appendix and the arguments by the parties on appeal, we conclude that, at the hearing on June 27, 2003, wife's objection to husband's proposed order was that it did not comport to the parties' agreement (written or oral) because it did not include a "no contact" provision. Similarly, we conclude wife did not want any change to the trial court's "prior rulings

and order/s" respecting the "no contact" provision. We further conclude that husband's objection, on appeal, is to wife's request at the June 27, 2003 hearing that the order to be entered include a "no contact" provision and his conclusion that the trial court had done so in its handwritten modifications.

Although husband states in his opening brief that he objected to the alteration of any provision of the May 12, 2003 protective order other than the rescission of the grant of the exclusive use of the premises, he includes no "references to the pages of the . . . appendix" where such an objection was preserved in the lower court, as required by Rule 5A:20. More significantly, we find no record of any such objection by husband in the appendix. Indeed, the appendix before us indicates that husband did not object during the June 27, 2003 hearing to wife's request for a "no contact" provision in the order, or to her assertions that there was a prior order containing such a provision and that the parties had agreed to its inclusion. While wife noted her objection on the order to its entry as prepared without such a "no contact" provision, husband noted no objection to the trial court's consideration of wife's request. Clearly, the trial court believed that, in adding the interlineations to the order, it modified husband's draft of the proposed order "to comport to the [parties'] argument," which included not only their agreement to modify and rescind the exclusive use and possession provision of the protective order of May 12, 2003, but to include a "no contact" provision as it had authorized in its prior rulings and "order/s" and as wife requested. Moreover, husband filed no post-hearing motions to alert the trial court to the arguments he now makes on appeal.

Pursuant to Rule 5A:18, we "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 25 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "Rule 5A:18 applies to bar even constitutional claims." Id. The purpose of this rule is to insure that the trial court and opposing party are given the opportunity to intelligently address,

- 6 -

examine, and resolve issues in the trial court, thus avoiding unnecessary appeals. See Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991); Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991); Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

The purpose for Rule 5A:18 is particularly significant here. A plain reading of the May 12, 2003 order reveals that its only terms were, in essence, the provision for and the parameters of exclusive use and possession of the former marital real property. Husband's June 27, 2003 proposed order would have rescinded and eliminated the exclusive use and possession provision, "thereby allowing full and complete access to the said real property" by husband, effectively dissolving the May 12, 2003 protective order. Yet husband's proposed order further stated that "except as modified, the order [of May 12, 2003,] shall remain in effect." To follow husband's argument on appeal, however, there was no further protective order provision that operated against him. Therefore, to say as he did in his proposed order that, except as modified, the May 12, 2003 order would remain in effect was an obvious inconsistency. Had husband made his arguments in the trial court that he now makes on appeal, he would have given wife an opportunity to meet his objections at that stage of the proceedings and the trial court an opportunity to intelligently rule upon them. Therefore, because husband did not properly preserve his arguments of abuse of trial court discretion or denial of due process in the trial court, he is procedurally barred from raising these claims on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Husband also argues that the added handwritten portions of the June 27, 2003 order were void *ab initio* because the trial court did not have jurisdiction to modify the May 12, 2003 order to include a "no contact" provision, per wife's request at the June 27, 2003 hearing, more than twenty-one days after the order was entered, absent a written motion by wife, as required by Code § 16.1-279.1(F). Husband, however, cites no relevant authority for the proposition that a court is

without jurisdiction to modify a protective order pursuant to a party's non-written request for modification made during a hearing conducted upon the other party's "written motion with the court requesting a hearing to dissolve or modify the order." Code § 16.1-279.1(F). Moreover, even were we to accept his position, husband has failed to provide an adequate appendix from which we can conclude that wife failed to file a written motion requesting modification of the protective order. Consequently, we will not consider this argument on appeal. See Rule 5A:25; Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 765 (2003) ("Because the appendix filed in this case does not contain parts of the record that are essential to the resolution of the issue before us, we will not decide the issue.").

For these reasons, we are barred from considering the questions before us. Accordingly, we affirm the decision of the trial court.

Affirmed.