COURT OF APPEALS OF VIRGINIA

Present: Judges Clements, Felton and McClanahan
Argued at Alexandria, Virginia


JAMES B. LAMBERTON, JOHN H. LAMBERTON
 AND SHARON R. LAMBERTON, INDIVIDUALLY
 AND/OR AS NEXT FRIEND OF DANIEL W. LAMBERTON
                                            MEMORANDUM OPINION[*] BY
v.      Record No. 1714-03-4       JUDGE JEAN HARRISON CLEMENTS
                                            SEPTEMBER 14, 2004
PETER W. LAMBERTON


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N. A. Kendrick, Judge

Joseph A. Condo; William B. Reichhardt (Condo Masterman
Kelly & Roop, P.C.; William B. Reichhardt & Associates, on brief),
for appellants.

Richard E. Crouch for appellee.


James B. Lamberton, John H. Lamberton, and Sharon R. Lamberton (wife), individually

and/or as next friend of Daniel W. Lamberton, (collectively, appellants) appeal from an order of the

trial court dated May 8, 2003, (1) dismissing their petition filed pursuant to the Uniform Transfers to

Minors Act (UTMA), Code §§ 31-37 to 31-59, seeking removal of Peter W. Lamberton (husband)

as custodian of his sons' accounts, the appointment of a successor custodian, an accounting and

repayment of funds wrongfully expended, and an award of attorney's fees and costs and (2)

awarding sanctions against wife pursuant to Code § 8.01-271.1. On appeal, appellants contend the

trial court erred in (1) consolidating the UTMA cause with the divorce action between wife and

husband, (2) dismissing the UTMA cause after only a preliminary review of the evidence, and (3)

awarding sanctions pursuant to Code § 8.01-271.1 against wife. On cross-appeal, husband contends

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellants' appeal of the consolidation of the UTMA cause with the divorce action is barred because that appeal was not timely filed. Husband also seeks an award of appellate attorney's fees and costs. For the reasons that follow, we affirm the judgment of the trial court, award husband his appellate attorney's fees and costs, and remand this case to the trial court for a determination of those fees and costs.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

Our review of an appeal is restricted to the record. Turner v. Commonwealth, 2 Va. App. 96, 99, 342 S.E.2d 400, 401 (1986). "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

Moreover, Rule 5A:25(b) provides that "[a]n appendix shall be filed by the appellant in all cases" brought before this Court. The appendix must include everything that is germane to the appeal. See Rule 5A:25(c). In considering a case on appeal, we may look beyond the appendix into the record, but we are not required to do so. See Rule 5A:25(h).

The appendix before us in this case reveals that, on October 23, 2002, appellants filed a petition pursuant to the UTMA for removal of husband as custodian of certain accounts established for the benefit of husband's three sons; the appointment of a successor custodian; an accounting and repayment of funds wrongfully expended; and an award of attorney's fees and costs. Appellants alleged, *inter alia*, that "during the course of equitable distribution and divorce proceedings between

[husband] and [wife], it was revealed that [husband] had made expenditures from one or more of the UTMA accounts for purposes other than those authorized in [Code § 31-50]." Appellants further alleged they had been denied certain records and that husband had, "by his acts and/or omissions . . . , demonstrated that he [was] not an appropriate person to serve as custodian of [their] property."

On October 29, 2002, husband filed a motion to consolidate the UTMA suit with the divorce action between wife and husband and to dismiss the UTMA suit. In setting forth the grounds of his motion, husband asserted as follows:

1. He was the custodian of UTMA accounts given to his sons by his mother as gifts.

2. The UTMA suit brought by his sons and wife, who was acting as next friend of their youngest son, dealt with issues of the propriety of account expenditures that were raised by wife in their divorce case and ruled upon in a hearing held on September 16, 2002. A hearing to present the final decree of divorce was scheduled for November 1, 2002.

3. Wife, who was dissatisfied with the trial court's rulings in the final custody order entered August 30, 2002, and the court's rulings at the September 16, 2002 hearing regarding equitable distribution and child support, filed the UTMA suit to nullify those rulings, deplete his resources, perpetuate the involvement of their children in the parties' litigation, keep the divorce case going, and destroy his relationship with his children.

Appellants concede on brief and in oral argument that the trial court held a hearing on husband's motion to consolidate and entered an order of consolidation on November 1, 2002. However, neither that order nor a transcript or statement of facts regarding the hearing that gave rise to that order was made a part of the appendix. Likewise, neither the final custody order entered August 30, 2002, nor the final decree of divorce entered November 1, 2002, was included in the appendix.

After the two cases were consolidated, husband filed a corrected motion to dismiss both cases. Husband again alleged that the UTMA suit was an effort by wife to relitigate issues that had already been decided in the divorce case. The trial court held a hearing on the motion on March 26, 2003.

In his opening statement at that hearing, appellants' counsel agreed that appellants' petition for husband's removal as custodian was moot because, as of November 2002, husband had resigned as custodian of the accounts and appointed his brother, John P. Lamberton, a financial consultant with an MBA from Wharton, as successor custodian and transferred all of the assets to him. Appellants' counsel argued, however, that, as to the remaining issues, husband was asking the court to dismiss the suit "before we've even had an opportunity to present evidence. . . . If the Court were to exercise its discretion at this stage, the discretion would be exercised on no evidence." Appellants' counsel then asserted that the evidence appellants would present at the hearing would prove that property husband testified at the equitable distribution hearing was his separate property or marital property was, in fact, the children's property; that husband's testimony at the equitable distribution hearing that he had not paid some of his personal expenses from the children's money was false; that the value of the children's property decreased by $150,000 from the date of the equitable distribution hearing until husband's resignation as custodian; that husband systematically liquidated all of the children's stock before turning over the accounts to the successor custodian, thereby incurring unnecessary and premature capital gains losses; and that husband had failed to pay court-ordered expenses from the children's accounts, file tax returns for the children's accounts for the last two years, reimburse the accounts for health-insurance refunds he received, and provide an accounting to the children. At the conclusion of his argument, appellants' counsel told the trial court, "I think when you're finished hearing the evidence you will agree there is plenty of reason for

us to go forward with this suit [and] to refer this matter to a commissioner to conduct the accounting."[1]

The trial court then instructed appellants' attorney to present the appellants' evidence. Appellants called husband and wife as witnesses. Both were examined by appellants' collective counsel and wife's individual counsel and cross-examined by husband's counsel. Documentary evidence was also presented. Appellants' evidence addressed each of the arguments asserted in their counsel's opening statement. During closing arguments, counsel for the parties also referred to evidence previously heard by the trial court in the equitable distribution hearing and wife's attorney read from a page of a transcript from the September 16, 2002 hearing. Appellants' attorney concluded, "We've demonstrated enough for the Court to conclude that there are some questions about [husband's] management of these assets and his motives in liquidating all of the stock, and we ask that you deny the motion to dismiss and refer the matter to a commissioner." Referring to discrepancies in husband's testimony regarding the ownership of certain savings bonds and the payment of certain expenses, wife's attorney agreed with appellants' attorney, stating, "I don't know what could be more clear in terms of raising a red flag, and for that reason, we support the appointment of a commissioner to look into it."

The trial court then ruled from the bench as follows:

> This court has been dealing with [this litigation] and is quite familiar with it over a long period of time and is very familiar with these parties and their motives. I consider this petition nothing short of harassment. It's an attempt by [wife] to interfere with [husband's] relationship with his children, and it's unseemly, unconscionable, and totally uncalled for. It's an attempt – even though this court went through many days and many hours listening in an attempt to get these parties to understand and put their hatred beside themselves and deal with these kids in their best interest, it has gone to no avail. This is nothing more than keeping the divorce action alive by [wife] and her counsel, who are totally unsatisfied with the results of the

---

[1] Appellants did not allege or argue that John P. Lamberton was not a suitable successor custodian.

equitable distribution hearing. The removal and/or request for a commissioner is totally discretionary with this court, and this court finds absolutely no basis for granting that petition. [Husband], in this court's opinion, has done nothing adverse to his children's best interest that would necessarily require a removal and/or an appointment of commissioner. A custodian may step down or be removed, and for a multitude of reasons that are patently clear, [husband] has decided to step down and appoint someone this court believes is totally capable and highly qualified to continue the work that he has already started. The court further finds that Mr. John Lamberton, [husband's] brother, is an appropriate person to continue as the custodian of these children's funds and their best interest. This lawsuit, as stated, is totally unconscionable, and if there ever was a basis to invoke the statute on sanctions, this is it. Not only is the petition denied, but I think sanctions are in order.

The trial court then awarded "a sanction of $8,000" against wife through the date of the hearing with leave for husband to submit an additional voucher for fees and costs.

On May 8, 2003, the trial court entered an order memorializing its rulings from the March 26, 2003 hearing. In that order, the trial court granted husband's motion and dismissed the UTMA suit with prejudice. The trial court also awarded sanctions against wife in the divorce case pursuant to Code § 8.01-271.1 in the amount of $9,352.35.

The record further reveals that, after filing their notice of appeal on June 5, 2003, appellants filed a designation of contents of appendix on October 15, 2003. Husband filed an appellee's designation of additional contents of appendix on October 24, 2003, designating for inclusion in the appendix, *inter alia*, the order of consolidation entered November 1, 2002; the final custody order from the divorce case entered August 30, 2002; and the final decree of divorce entered November 1, 2002. On November 4, 2003, appellants filed a "joint" appendix that included the items that only they had designated. At oral argument, appellants' counsel acknowledged the "joint" appendix was filed without consulting husband's attorney.

- 6 -

II.  ANALYSIS

A.  Consolidation of the UTMA Suit with the Divorce Action

On appeal, appellants contend the trial court abused its discretion in consolidating the previously filed and virtually concluded divorce action with the UTMA suit because wife, a nonparty to the UTMA suit, was prejudiced when the consolidation became the trial court's sole means of acquiring the ability to impose sanctions on her.  Husband contends appellants' appeal from the final order of consolidation, entered on November 1, 2002, is barred because it was not timely filed.

Whether actions should be consolidated is a matter that lies within the sound discretion of the trial court.  Clark v. Kimnach, 198 Va. 737, 745, 96 S.E.2d 780, 787 (1957).  A decision of the trial court granting consolidation will not be reversed on appeal "unless the trial court plainly abused its discretion."  Allstate Insurance Co. v. Wade, 265 Va. 383, 392, 579 S.E.2d 180, 185 (2003).

Furthermore, we do not presume on appeal that the lower court has erred.  Indeed,

> "[w]e have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.  If the appellant fails to do this, the judgment will be affirmed."

Smith, 16 Va. App. at 635, 432 S.E.2d at 6 (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

Here, the appendix contains neither the order of November 1, 2002, consolidating the cases nor a transcript or statement of facts from the hearing from which that order arose.  Thus, we are left in the dark as to the evidence and argument presented below by the parties in support of their positions and the trial court's rationale for consolidating the two cases, information that is critical to our determination of the issue raised by appellants.  We conclude, therefore, that appellants have failed to provide an adequate appendix enabling us to address the issue that has been raised

and to determine whether the trial court abused its discretion.  Consequently, we will not consider this issue on appeal.  See Rule 5A:25; Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 765 (2003) ("Because the appendix filed in this case does not contain parts of the record that are essential to the resolution of the issue before us, we will not decide the issue.").[2]

### B.  Dismissal of the UTMA Suit

Appellants contend the trial court abused its discretion in dismissing the UTMA suit after only a "preliminary review" of the evidence, an action "tantamount to granting summary judgment."  They claim that, in considering a motion to dismiss at such a preliminary stage, the standard guiding the trial court should have been whether appellants had alleged in the pleadings, or shown in the evidence at the *ore tenus* hearing on the motion, that there was *prima facie* evidence that husband had failed to meet the duties required of him pursuant to Code § 31-48.

We disagree with appellants' contention that the trial court dismissed the UTMA suit after only a "preliminary review" of the evidence.  Our review of the transcript of the March 26, 2003 hearing on husband's motion to dismiss reveals that appellants challenged husband's motion solely on the ground that husband was seeking dismissal before appellants had the "opportunity to present evidence" on their claims in the UTMA suit.  Appellants' counsel then outlined the evidence appellants would present at the hearing in support of their request in the UTMA suit for an accounting and repayment of funds wrongfully expended by husband.  Then, given the opportunity to do so, appellants presented evidence on every relevant claim in their UTMA petition and the complaints outlined in their attorney's opening statement.  Furthermore, the trial court had previously consolidated the UTMA suit with the divorce case, in which it had heard evidence on the

---

[2] Because we conclude that appellants' appeal on this question is procedurally barred, we do not address whether the trial court's order of November 1, 2002, was an appealable order under Code § 17.1-405 or whether the notice of appeal dated June 5, 2003, was timely filed with regard to that order under Rule 5A:6.

same issues.  See generally Williams v. Fidelity Loan & Savings Co., 142 Va. 43, 51, 128 S.E. 615, 617 (1925) (noting that, when cases are consolidated, the "'evidence in one becomes the evidence in the other'" (quoting Lile, Equity Pleading and Practice § 341 (2d ed. 1922))).  Indeed, appellants themselves inquired of the witnesses about aspects of the evidence presented at the equitable distribution hearing from the divorce case and included references to that evidence in their argument.  We also note that, in asserting this claim of trial court error, appellants concede, on brief and in oral argument, that, after hearing evidence and argument at the March 26, 2003 hearing, the trial court "went on to make findings as to the merit of [appellants'] claims."  We conclude, therefore, that appellants were given sufficient opportunity to present evidence in support of their petition and that the trial court had an ample evidentiary basis for its decision to dismiss the UTMA suit.

Moreover, Rule 5A:20(e) requires that an appellant's opening brief include the "principles of law, the argument, and the authorities relating to each question presented."  Here, appellants' opening brief does not meet the requirements of Rule 5A:20(e), because it fails to provide any citation to controlling legal authority in support of appellants' position relative to this issue.  As we stated in Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992), "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration." See also Theismann v. Theismann, 22 Va. App. 557, 572, 471 S.E.2d 809, 816 (declining to address an argument on appeal that was inadequately developed in appellant's brief), aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).  Accordingly, this claim of trial court error warrants no further consideration.

C.  Sanctions Pursuant to Code § 8.01-271.1

Appellants contend the trial court abused its discretion in awarding sanctions pursuant to Code § 8.01-271.1.  They also claim the trial court abused its discretion in assessing those sanctions

against wife, a nonparty to the UTMA suit, based on evidence presented in the unrelated prior divorce proceedings between wife and husband. Whether the trial court abused its discretion in awarding sanctions is intertwined with the court's decision to assess those sanctions against wife; thus, we consider the issues together.

First, we disagree with appellants' contention that the trial court assessed sanctions against wife strictly in the UTMA suit, in which she was only a "nominal" party as next friend of her youngest son pursuant to Code § 31-54(F). The appendix reveals that, in entering its order of May 8, 2003, the trial court awarded sanctions against wife in the consolidated UTMA and divorce cases. When cases are consolidated, not only does the "'evidence in one become[] the evidence in the other,'" the "'parties to one become parties to the other[,] and the cause proceeds for all purposes as if the several causes had been originally asserted in a single bill.'" Williams, 142 Va. at 51, 128 S.E. at 617 (quoting Lile, *supra*). Thus, wife was a party to both cases. This conclusion is further bolstered by wife's extensive involvement and interest in the UTMA case. One of the two primary allegations in the UTMA petition filed October 23, 2002, concerned husband's unauthorized expenditures during the equitable distribution hearing in the divorce case. Moreover, wife and the attorney that represented her individually took an active role in the hearing on March 26, 2003. Wife testified regarding husband's evidence during the equitable distribution hearing, and wife's attorney examined both of the witnesses. Wife's attorney also presented a closing argument, joining appellants' attorney in asking the trial court to grant the relief requested in the UTMA petition, and endorsed the May 8, 2003 order, noting wife's exceptions to the trial court's rulings.

Plainly, the trial court awarded sanctions against wife based on her participation and conduct in the UTMA suit. In awarding the sanctions pursuant to Code § 8.01-271.1, the trial court ruled there was no basis for granting the UTMA petition, finding instead that the UTMA suit was "harassment," "an attempt by [wife] to interfere with [husband's] relationship with his children,"

and "nothing more than keeping the divorce action alive by [wife] and her counsel, who are totally unsatisfied with the results of the equitable distribution hearing." Appellants argue these findings were in error.

Code § 8.01-271.1 provides, in relevant part, that every pleading signed by an attorney or party constitutes a certificate that the pleading is, *inter alia*, "well grounded in fact and is warranted by existing law" and "is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Similarly, "[a]n oral motion made by an attorney or party in any court of the Commonwealth constitutes a representation by him that . . . it is well grounded in fact and is warranted by existing law . . . and . . . is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Code § 8.01-271.1. If the rule is violated, the trial court "shall impose upon the person who signed the paper or made the motion, *a represented party*, or both, an appropriate sanction." Id. (emphasis added).

> In reviewing a trial court's award of sanctions under Code § 8.01-271.1, we apply an abuse of discretion standard. In applying that standard, we use an objective standard of reasonableness in determining whether a litigant and his attorney, after reasonable inquiry, could have formed a reasonable belief that the pleading was well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and not interposed for an improper purpose.

Flippo v. CSC Associates, 262 Va. 48, 65-66, 547 S.E.2d 216, 227 (2001).

Here, after hearing the evidence and argument presented by appellants, the trial court ruled on the merits of appellants' petition to appoint a commissioner to further investigate husband's management and accounting of the custodial property while it was within his fiduciary care. The trial court found that husband had done nothing adverse to his children's best interests and there was "absolutely no basis for granting the petition." The trial court further found that it had addressed these same basic allegations in connection with the divorce action. Thus, the trial court concluded

that the UTMA suit was for the improper purposes of harassment, custodial interference, and perpetuation of the divorce action, and awarded sanctions against wife. Applying the above-stated standard of review, we cannot conclude, on the record before us, that the trial court abused its discretion in awarding sanctions pursuant to Code § 8.01-271.1 against wife.

### III. APPELLATE ATTORNEY'S FEES AND COSTS

On appeal, husband seeks an award of his appellate attorney's fees and costs. Apppellants' appeal being procedurally barred or without merit, we find that husband should be compensated for his reasonable expenses in defending this unjustified appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). We, therefore, remand this case to the trial court solely for a determination of those fees and costs.

### IV. CONCLUSION

For these reasons, we affirm the judgment of the trial court and remand for further proceedings consistent with this opinion.

Affirmed and remanded.